PHARIS, &c.
vs.
CARVER.

---

ORD. PET.

Case 22.

September 27.

Case stated.

## Pharis, &c. *vs.* Carver,

### ERROR TO CUMBERLAND CIRCUIT.

Judge Simpson delivered the opinion of the court.

1. The sum claimed as damages in the petition determines the question of jurisdiction.

2. A claim for the recovery of specific personal property, and damages for the taking or withholding, may be united in the same petition. (*Code of Practice*, § 137.)

3. The illegal taking and detention of property is a conversion.

4. To authorize a jury to assess damages for property illegally taken and detained, (hogs,) there must be some evidence of the value, or some description to enable the jury to determine the value from their own knowledge upon the subject.

This was an action by ordinary proceedings, in which the plaintiff in his petition stated that he was the owner and entitled to the possession of eight hogs of the value of fifty dollars; that the defendants unlawfully took them out of his possession, and have detained them without right for —— days, and still detained and refused to deliver them to the plaintiff; and he prayed judgment for the recovery of the hogs, and one hundred dollars for the *taking* and detention of the same.

The defendants filed a demurrer to the petition which was overruled. They then filed an answer denying the unlawful taking and detention of the plaintiff's hogs. A jury found a verdict in favor of the plaintiff against two of the defendants for sixty-four dollars in damages; and a judgment having been rendered upon the verdict, and the defendant's motion for a new trial overruled, they have appealed to this court.

It is contended upon the part of the plaintiffs in error: 1. That the demurrer to the petition should have been sustained. 2. That the petition did not authorize a verdict and judgment, for the value of the hogs, in damages. 3. That the evidence was insufficient to justify a verdict and judgment against A. Pharis, sen., one of the appellees.

1. The ground of objection to the petition, specified in the demurrer, is, that the subject matter as stated therein was not sufficient in law to give jurisdiction to the court, because it was stated in the petition that the hogs sued for were worth only fifty dollars.

*1. The sum claimed as damages in the petition determines the question of jurisdiction.*

But the circuit court had jurisdiction of the injury complained of, if the hogs were only of the value of fifty dollars, and the damages sustained by the plaintiff did not exceed that sum, whether it be regarded as an action for the specific property, or for damages for the illegal taking and detention of it. The amount claimed by the plaintiff, however, regulates the question of jurisdiction, and as he claimed, in this case, one hundred dollars in damages for the injury he had sustained, the court would have had jurisdiction, even if in such cases it had no jurisdiction unless the claim exceeded fifty dollars.

2. The facts stated in the petition, and the relief demanded by the plaintiff, authorized a recovery by him of either the property sued for, or damages for the taking and detention of it.

*2. A claim for the recovery of specific personal property, and damages for the taking or withholding, may be united in the same petition. (Code of Practice, § 137.)*

Claims for the recovery of specific personal property, and damages for the taking or withholding the same, may be united in the same petition. (§ 137 Code of Practice.)

It is, however, contended, that the petition does not contain any statement that the defendants had converted the property to their own use, and that in the absence of such a statement, the property only could be recovered, and not its value in damages. If the defendants had *illegally* taken the property from the possession of the plaintiff and detained and refused

*3. The illegal taking and detention of property is a conversion.*

to deliver, as stated in the petition, the act amounted to a conversion and also a trespass, and they were clearly responsible in damages for the injury the plaintiff had sustained.

3. The only testimony tending to implicate A. Pharis, sen., in the commission of the trespass, was that which proved the hogs were in his pen, and he refused to turn them out when required by the plaintiff, stating that he had not put them in, and would not turn them out. As the other defendant, who was his son, resided with him, and had property of his own on the farm, and claimed the hogs in controversy, this testimony hardly authorized a verdict against the father, especially as he did not set up any claim to the property; but as the jury found a verdict against him, we would not disturb it on this ground alone.

4. To authorize a jury to assess damages for property illegally taken and detained, (hogs,) there must be some evidence of the value, or some description to enable the jury to determine the value from their own knowledge upon the subject.

But there was no evidence before the jury of the value of the hogs, nor of their size or probable weight, so as to enable the jury to determine their value from their own knowledge upon the subject; so that the extent of injury the plaintiff sustained by the trespass committed by the defendants did not appear, and the verdict is not sustained by the evidence. And if the value of the hogs stated in the petition, as it was not denied in the defendants answer, is such a fact, as not being denied, is to be taken as true, still it would not authorize a verdict for sixty-four dollars. For this reason, therefore, the court should have granted a new trial.

Wherefore the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

*Harlan*, and *B. Monroe*, for plaintiffs; *Morehead & Brown*, for defendants.